**NOT FOR PUBLICATION**

```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY


ROBERT S. VISINTINE,         :
                                   Civil Action No. 11-2601 (RMB)
          Petitioner,        :

     v.                      :         O P I N I O N

DONNA ZICKEFOOSE,            :

          Respondent.        :
```

**APPEARANCES:**

Robert S. Visintine, Pro Se
#14576-018
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**BUMB**, District Judge

Petitioner Robert S. Visintine, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, submitted a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.  For the following reasons, Petitioner's claims under § 2241 will be dismissed; however, because Petitioner raises claims concerning the lack of adequate medical treatment in both his petition, and pending motions, this Court will direct that a separate civil action be opened to address those claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971).

**BACKGROUND**

According to the petition, on October 16, 1992, Petitioner pled guilty in the United States District Court, Southern District of Ohio, to 435 months imprisonment for armed bank robbery and use of a gun in the commission of a crime of violence. (Petition, ¶¶ 1-4). According to the docket of his criminal case, United States v. Visintine, 92-cr-96 (S.D. Ohio), Petitioner appealed to the circuit court. Furthermore, it appears that Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. See Visintine v. United States, 95-cv-900 (S.D. Ohio), which was denied, with the denial affirmed on appeal.

On May 3, 2011, Petitioner filed in this District Court a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner alleges in his petition that:

> . . . the Warden does not have a Constitutionally valid judgment and conviction order to imprison [him].  In 1991-1992, medication was denied and withheld (knowingly and intentionally) to coerce Visintine to plea[d] guilty to crimes without an information or indictment, and constructive denial of assistance of counsel (5th & 6th Amend. violations) . . . ."

(Pet., ¶ 7). Furthermore, Petitioner requests:

> . . . immediate and unconditional release where the plea of guilty was un-Constitutional- not knowing, not intelligent and not voluntary, a result of cruel and unusual punishment and the denial of the 5th Amend. requirement of an indictment or an information, due process of law clause, and a constructive denial of the 6th Amend. effective assistance of counsel for his defense.

(Pet., p. 5). Thus, Petitioner argues that his imprisonment is in violation of the Constitution.

However, Petitioner also asserts that he is being denied medication, and complains about the conditions of confinement at the Fort Dix facility. For example, he states that he has been forced to take his medication before eating; that he has been refused medication; that the prison is overcrowded, and the bathrooms are not clean; that violence has increased; and other complaints. (Pet., ¶ 7).

Additionally, Petitioner has filed four motions, addressing his medical complaints and asserting that he is not receiving adequate medical care.

## DISCUSSION

### A. Jurisdiction

To begin, the Court notes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).  That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A motion filed pursuant to § 2255 is the exclusive remedy for an individual seeking to vacate his federal conviction or sentence.

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence."  Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976)(challenging erroneous computation of release date).  See also Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973)(where petitioner alleged a claim for credit for time served prior to federal sentencing).

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir.

1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Congress amended § 2255 as part of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). Section 2255 states, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255.[1]

---

[1] A motion to vacate, correct or set aside a sentence under § 2255 must be filed in the sentencing court within one year of the latest of: (1) the date on which the judgment of conviction became final; (2) the date of the removal of any impediment to making such a motion that was created by unlawful government action; (3) the date on which a right asserted by a movant was first recognized by the United States Supreme Court and made retroactive to cases pending on collateral review; or (4) the date on which a movant could have discovered the facts supporting the claim[s] presented through the exercise of due diligence. See 28 U.S.C. § 2255(f). Furthermore, once a prisoner has filed one § 2255 motion, he may not file a second or successive motion unless he first obtains a certification from a panel of the appropriate Court of Appeals permitting him to do so on the grounds of (1) newly discovered evidence that would clearly and convincingly negate the possibility that a reasonable fact finder would have found the movant guilty of the offense charged, or (2) a previously unavailable and retroactively applicable new rule of

In this case, Petitioner attempts to relitigate his criminal case, asserting that his plea was not voluntary, and that he had ineffective assistance of counsel. These claims are not properly before this Court in a § 2241 petition; rather, their jurisdiction lies in § 2255. However, Petitioner has challenged his conviction and sentence before the sentencing court and the circuit court, on direct appeal and in a previously filed § 2255 motion, and his claims have been denied.

This Court notes that whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. Here, Petitioner does not assert any grounds for relief justifying authorization to file a second or successive § 2255 motion. This Court notes that Petitioner previously filed a § 2255 motion, as well as various other actions in the sentencing court and court of appeals, which were also denied. Further, any § 2255 claims concerning Petitioner's 1992 conviction would be untimely. Thus, it does not appear that transfer would be in the interest of justice. However, the Court notes that Petitioner is free to move for

---

constitutional law. See 28 U.S.C. § 2255(h).

authorization to file a second or successive § 2255 motion in the Court of Appeals for the Sixth Circuit, if he so desires.

Based on the foregoing, Petitioner's claims concerning his conviction and sentence, as asserted in his § 2241 petition, must be dismissed for lack of jurisdiction.

This Court finds that the petition and motions raise a claim of deliberate refusal on the part of prison officials to provide adequate care for Petitioner's alleged serious medical conditions, which if true requires expeditious attention. However, Petitioner's conditions of confinement and medical claims also do not find their basis of jurisdiction in § 2241. Rather, these claims must be filed in a civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971), or in a civil action for declaratory or injunctive relief.

Therefore, in accordance with the attached Order, this Court will order the Clerk of the Court to open a new civil case on behalf of Petitioner.  As directed in the Order, Respondent will be ordered to provide, under seal, medical records demonstrating that Petitioner is not in imminent danger.

## **CONCLUSION**

For the reasons set forth above, this § 2241 action will be dismissed, and a new civil action will be created. An appropriate order follows.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: August 12, 2011